653 So.2d 669 (1995)
STATE of Louisiana,
v.
Cedric L. ROBINSON.
No. 94-KA-864.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1995.
*670 John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Bruce Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Cedric L. Robinson, was charged by bill of information with theft of goods valued less than $100.00 in violation of LSA-R.S. 14:67 and with criminal trespass, in violation of LSA-R.S. 14:63. The charges arose out of a shoplifting incident which occurred at an A & P grocery store in Marrero on September 26, 1993. Defendant entered pleas of not guilty at his arraignment in Jefferson Parish Second Parish Court, and the case proceeded to trial on September 21, 1994.[1] Following the trial, the judge found the defendant guilty on the theft count, but not guilty on the criminal trespass charge, and sentenced the defendant to a suspended 60-day parish prison sentence, plus a $350.00 fine and court costs.
Immediately following sentencing, defense counsel verbally noted his intention to seek review in the case by writ application to this Court. However, on September 22, 1994, defense counsel filed a written motion for appeal which the parish court granted on September 28, 1994.
Because the defendant was convicted of a misdemeanor in a criminal action not triable by a jury, this Court cannot exercise appellate jurisdiction in this case. La. Const. of 1974, Art. 5, Section 10; C.Cr.P. art. 912.1. See also State v. Cologne, 562 So.2d 24 (La. App. 5 Cir.1990). Previously, this Court has placed such matters on the appellate docket for disposition despite the jurisdictional defect. However, on December 9, 1994 this Court issued the following order:
It has come to the attention of this Court that an increasing number of non-appealable matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize that this approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction. Hence, we will no longer continue such practice.
IT IS HEREBY ORDERED that, as of January 1, 1995, all non-appealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow and adhere to the procedural *671 schemes set forth in our Louisiana Code of Civil and Criminal Procedure.
Accordingly, this appeal is dismissed. The defendant's right to apply for review of his misdemeanor conviction under this Court's supervisory jurisdiction is reserved.
DISMISSED.
NOTES
[1] Defendant was not entitled to a jury trial because the maximum aggregate penalty in this case, even if convictions on both misdemeanor counts resulted, could not exceed imprisonment for more than six months or a fine of more than $1000.00 or both. C.Cr.P. arts. 493.1 and 779.