669 So.2d 2 (1996)
STATE of Louisiana
v.
Felix POLKEY.
No. 95-KA-564.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1996.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, Louisiana, for appellant.
John M. Mamoulides, District Attorney, Alison Wallis, Assistant District Attorney, Gretna, Louisiana, for appellee.
Before WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Felix Polkey, appeals from his conviction of criminal trespass. For the reasons which follow, we dismiss the appeal.
Defendant was originally charged by bill of information with the felony of attempted simple burglary of an inhabited dwelling, in violation of La.R.S. 14:27 and 62.2. At arraignment on January 21, 1994, defendant pled not guilty. As part of a plea agreement, the state reduced the charges to a misdemeanor, criminal trespass, a violation of La.R.S. 14:63, and on May 4, 1994, defendant entered a guilty plea to that charge. Defendant was advised of his rights before entering his plea and was advised that he would be sentenced to pay a $500 fine and court costs. The guilty plea form likewise indicated the waiver of rights and sentence. The trial court deferred sentencing until May 18, 1994, advising defendant that he must pay the fine at that time.
*3 A minute entry indicates that sentencing was continued until September 15, 1994. Another minute entry indicates that defendant did not appear for sentencing on October 20, 1994 and an attachment was issued for his arrest. Defendant was brought before the trial court on May 5, 1995. The minute entry for that day indicates that defendant was sentenced. However, the transcript of the hearing conducted on that day does not indicate that sentence was imposed by the court. Rather, it appears from the remarks of defense counsel and the district attorney that they believed defendant had already been sentenced. Defense counsel referred to a pre-trial conference where defendant was given an additional ninety days to comply with the sentence of a $500 fine and court costs. The assistant district attorney stated that he believed defendant had been sentenced in March of 1994 to pay $673 in restitution plus a $500 fine and court costs.[1] The only comment by the trial court was a question presented to defendant whether he understood what his counsel had said, that he was to pay the $500 fine and court costs within ninety days. The transcript from this hearing does not evidence a sentencing of defendant. Where the transcript and the minute entry disagree, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Therefore, after reviewing the record, we find nothing to indicate that defendant has ever been sentenced. Absent sentencing, the case is not appealable. La.C.Cr.P. art. 912(A); State v. Chapman, 471 So.2d 716 (La.1985).
Moreover, it is noted that defendant's conviction was for a misdemeanor offense, not triable by jury, and, thus, is not appealable. La. Const. 1974, Art. 5 § 10; La. C.Cr.P. art. 912.1; La.C.Cr.P. art. 779. This court, by En Banc Order of December 9, 1994, provided that, effective January 1, 1995, all non-appealable matters filed as an appeal will be dismissed.
Accordingly, because defendant has not yet been sentenced and his conviction is for a misdemeanor, the appeal must be dismissed.
APPEAL DISMISSED.
NOTES
[1] The assistant district attorney has made reference, in his remarks in open court and in brief to this court, to his belief that if defendant does not pay the fine, then the original charges can be reinstated against defendant. It is noted that defendant has already pled guilty to the reduced charge and that the plea was accepted by the court. However, since the issue is not squarely before us at this time, we will not address the question of whether such a procedure would be legally permissible.