hBOWES, Judge.
Defendant, Anatole Nicholas, was charged by bill of information with operating a vehicle while intoxicated, a violation of La. R.S. 14:98.
At his arraignment, defendant pled not guilty. Following a bench trial, the case was taken under advisement; subsequently, the trial court found defendant guilty of driving under the influence of the prescription drug Alprazolam. He was sentenced to one day in jail with credit for time served. It is from this conviction and sentence that defendant has filed an appeal.
La. R.S. 14:98 provides that the sentence for conviction on the stated offense is not less than one hundred dollars and not more than five hundred |2dollars, and imprisonment for not less than ten days nor more than six months. Considering the above statute, we find that we have no jurisdiction to entertain the present appeal for the following reasons.
Art. I, Sec. 17 of the Louisiana Constitution requires that “[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict.” Further, La. C.Cr.P. art. 779 provides that a defendant charged with a misdemeanor in which the punishment may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict, while a defendant charged with any other misdemeanor shall be tried by the court without a jury.
La.C.Cr.P. art. 912.1 reads in pertinent part as follows:
*1035 B. The defendant may appeal to the court of appeal from a judgment in a criminal ease triable by jury, except as provided in Paragraph A of this Article.
C.(l) In all other eases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.
UThus, relief from the conviction on the misdemeanor must be sought by supervisory writ, and may not be entertained on appeal. Furthermore, this court, by En Banc Order of December 9, 1994, provided that, effective January 1, 1995, all non-appealable matters filed as an appeal will be dismissed. See also State v. Polkey, 95-564 (La.App. 5 Cir. 1/17/96), 669 So.2d 2.
Accordingly, this appeal must be dismissed.
APPEAL DISMISSED.