707 So.2d 81 (1998)
STATE of Louisiana
v.
James E. ROBINSON.
No. 97-KA-686.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Martin E. Regan, Jr., Regan & Boshea, New Orleans, for Defendant/Appellant.
Before WICKER, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Defendant, James E. Robinson, appeals his misdemeanor convictions and sentences on possession of marijuana and battery upon a police officer. For reasons that follow, we dismiss the appeal.
The state filed a single bill of information in which it charged defendant with possession of marijuana in violation of La.R.S. 40:966(C) on count one, and with battery upon a police officer in violation of La.R.S. 14:34.2 on count two. After a bench trial on the merits of both offenses, the defendant was found guilty as charged and given a six month sentence on each charge to run concurrently. The trial judge suspended the execution of the sentence, but ordered defendant to serve fifteen days in parish prison on the conviction for battery upon a police officer. The trial judge placed defendant on inhouse active probation for one year and ordered defendant to pay all costs of the proceedings. Defendant filed a timely appeal.
We are without jurisdiction to consider this appeal. The appellate jurisdiction of this court extends only to cases that are triable by a jury. La. Const. of 1974, art. 5 § 10; La.C.Cr.P. article 912.1; State v. Robinson, 94-864 (La.App. 5 Cir. 3/15/95), 653 So.2d 669. A misdemeanor is not triable by a jury unless the punishment that may be imposed exceeds six months imprisonment. La.C.Cr.P. article 779. La.C.Cr.P. article *82 493.1 provides that when two or more misdemeanors are joined in the same bill of information, the maximum aggregate penalty which may be imposed is six months. Therefore, when two or more misdemeanors are joined in a single bill of information, the case is not triable by a jury, and is not appealable.
A misdemeanor defendant's proper remedy is to file a writ of review with this court in accordance with our grant of supervisory jurisdiction. Previously this court, in the interest of judicial economy, has considered non-appealable matters filed as appeals in an exercise of our supervisory jurisdiction. However, by En Banc Order dated December 9, 1994 and made effective January 1, 1995, this court recognized that such actions were contrary to our jurisdictional grant and discontinued the procedure. See, State v. Polkey, 95-564 (La.App. 5 Cir. 1/17/96), 669 So.2d 2. Accordingly, we dismiss this appeal for lack of jurisdiction.
DISMISSED.