746 So.2d 240 (1999)
STATE of Louisiana
v.
Jeanne A. SUTHON.
No. 99-KA-661.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 1999.
*241 Todd R. Slack, Sakla & Sakla, LLC, New Orleans, Louisiana, Attorney for Appellant Jeanne A. Suthon.
Paul D. Connick, Jr., District Attorney, Alison Wallis, David Wolff, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, Judge.
Defendant appeals from his conviction of the misdemeanor offense of theft. We dismiss the appeal.
On January 21, 1999 defendant was convicted of theft of less than $100 from the Treasure Chest Casino, in violation of La. R.S. 14:67. Defendant waived delay in sentencing and was given a suspended sentence of 6 months without hard labor and placed on 1 year active probation, with certain conditions. Following sentencing, on January 28, 1998, defendant filed motions for post verdict judgment of acquittal and new trial. The motions were denied and defendant filed and was granted a timely written motion for appeal.
A conviction for a misdemeanor offense is not appealable. La. Const.1974, Arts. 1, § 17 and 5 § 10; La.C.Cr.P. art. 912.1; La.C.Cr.P. art. 779B. On December 9, 1994, this Court issued an En Banc Order providing that effective January 1, 1995 all non-appealable matters filed as an appeal will be dismissed.[1]See: State v. Robinson, 93-864 (La.App. 5th Cir. 3/15/95), 653 So.2d 669, 670, 671; State v. Polkey, 95-564 (La.App. 5th Cir.1/17/96), 669 So.2d 2, 3; State v. Nicholas, 97-39 (La.App. 5th Cir. 5/28/97), 695 So.2d 1034, 1035; State v. Robinson, 97-686 (La.App. 5th Cir. 1/14/98), 707 So.2d 81, 82.
Defendant asserts that under State v. Banks, 444 So.2d 1243, 1243 (La.1984), we should nonetheless treat the appeal as a timely writ application. In Banks, the Louisiana Supreme Court issued the following order:
Granted in part. Although the Court of Appeal correctly ruled that defendant *242 did not have the right of appeal under the circumstances, the Court should have treated defendant's timely appeal as an application for a writ of review and allowed defendant an appropriate period of time to file a brief in support of the application. Accordingly, the case is remanded to the Court of Appeal with instructions to review the conviction under La.C.Cr.P. art. 912.1(C). Otherwise, the application is denied.
Banks was followed in State v. Walker, 94-340, (La.App. 5th Cir. 10/25/94), 645 So.2d 766, 768. However, both Banks and Walker were decided prior to this court's adoption of the dismissal policy. Defendant also cites other cases from this circuit in support of the Banks rationale, all of which were rendered prior to the effective date of the En Banc rule.[2] Thus, we find that the En Banc order is applicable.
Defendant next argues that the imposition of the En Banc rule is unfair since the rule has not been published in the Uniform Rules-Courts of Appeal. However, although not published, this court has cited, and adopted the En Banc rule in subsequent opinions. See: State v. Robinson, 653 So.2d at 670, 671; State v. Polkey, 669 So.2d at 3; State v. Nicholas, 695 So.2d at 1035; State v. Robinson, 707 So.2d at 82.
Defense counsel further argues a dismissal would result in defendant's denial of access to the courts and a claim for ineffective assistance of counsel. However, this Court recognized and reserved defendant's right to proceed through the supervisory writ procedure in Robinson. See also: State v. Marse, 94-849 (La.App. 5th Cir. 2/15/95), 651 So.2d 1377, 1377. By so doing, defendant is not denied his right to access to the courts. Thus, we will dismiss the appeal in this case, but reserve to defendant her right to file her application for writ of review within 30 days of the date of this opinion.
Accordingly, the appeal is hereby dismissed. We further reserve defendant's right to file an application for supervisory writs within 30 days of the date of this judgment.
APPEAL DISMISSED.
NOTES
[1] The En Banc order provides:

It has come to the attention of this Court that an increasing number of non-appealable matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize that this approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction. Hence, we will no longer continue such practice.
It is hereby ordered that, as of January 1, 1995, all non-appealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow the procedural schemes set forth in our Louisiana Codes of Civil and Criminal Procedure.
[2] In State v. Johnson, 98-604, 98-605 (La. App. 5th Cir. 1/26/99), 728 So.2d 901, 904, writ denied, 99-0624 (La.6/25/99), 745 So.2d 1187, we maintained the appeal involving a misdemeanor because defendant was charged by bill of information with both a misdemeanor and a felony and a single trial was held on both charges. In that case, the misdemeanor charge was heard by the trial judge and the felony charge was heard by the jury. After he was convicted on both offenses, defendant filed a writ and an appeal. The writ application was consolidated with the appeal because the two convictions arose out of a simultaneously conducted trial. However, that case is distinguishable.