760 So.2d 1152 (2000)
STATE of Louisiana
v.
Edward Lee LEMONS.
No. 1999-KH-2158.
Supreme Court of Louisiana.
April 20, 2000.
PER CURIAM:[*]
Relator was convicted of distribution of cocaine. The trial court sentenced relator as a habitual offender to twenty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Writ granted in part; otherwise denied. Relator's post-conviction application asserts, among other things, that his sentence was illegal and that it ordered him to serve his term of imprisonment without eligibility for diminution of sentence for good behavior. There is no general statutory authority giving district judges the discretion to prohibit diminution of sentence for good behavior under La.Rev. Stat. 15:573. Moreover, none of the statutory exceptions which allows district courts to prohibit good time, such as La. Code Crim.Proc. art. 890.1 B, are applicable to the crime for which relator was convicted. Accordingly, relator's sentence is corrected to delete that prohibition. State ex rel. Simmons v. Stalder, 93-1852 (La.1/26/96), 666 So.2d 661.
The district court is directed to make an entry in the minutes reflecting this change. In addition, the district court is directed to correct the minute entry for relator's sentence to delete the prohibition on parole eligibility, in conformance with the applicable statutes, La.Rev.Stat. 40:967 B(1), La.Rev.Stat. 15:529.1 G, and in conformance with the sentence as reflected in the transcript of sentencing. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Godejohn, 425 So.2d 750, 751 n. (La.1983). In all other respects, the application is denied.
NOTES
[*] Marcus, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.