779 So.2d 1008 (2001)
STATE of Louisiana
v.
Jackie DORSEY.
No. 2000-K-2331.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 2001.
*1009 Harry Connick, District Attorney, Kevin Kwon, Assistant District Attorney, New Orleans, Counsel for the State.
Court composed of Judges BYRNES, MURRAY and TOBIAS.
BYRNES, J.
In this case, the defendant, Jackie Dorsey, has been charged with possession of marijuana in violation of La. R.S. 40:966(D)(1). In its writ application, the State requests a review of the trial court's ruling that granted Dorsey's motion to suppress the evidence. We reverse and remand.
At the hearing on the defendant's motion to suppress during a bench trial, Officer *1010 Keven Scruggs testified that around 11:15 a.m. on March 21, 2000, Officers Scruggs and Steven Payne saw a vehicle heading east on North Galvez near Poland. The officers could see that the driver, Dorsey, and the passenger were not wearing seat belts. The passenger was holding an infant who was not in a child safety seat.
Officer Scruggs stated that the officers stopped the vehicle to issue traffic citations to the occupants for failure to wear safety restraints. Officer Scruggs approached the driver's side and observed a matchbox on the floorboard in plain view. The officer testified that he could see that the matchbox was partially open and contained a hand-rolled marijuana cigar with loose green vegetable matter (marijuana) inside the box. Officer Scruggs thought the contents were consistent with marijuana. When Officer Scruggs ordered Dorsey outside of the vehicle, Dorsey attempted to kick the matchbox under the driver's seat, and the officer retrieved the matchbox. Dorsey was placed under arrest, handcuffed, advised of his rights, and placed in the back of the police vehicle. Later a drug analyst determined that the material in the matchbox contained marijuana.
The State argues that the magistrate court erred in granting the defendants' motion to suppress. The appellate court reviews the district court's findings of fact on a motion to suppress under a clearly erroneous standard, and will review the district court's ultimate determination of Fourth Amendment reasonableness de novo. U.S. v. Seals, 987 F.2d 1102 (5 Cir.1993), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo. United States v. O'Keefe, 128 F.3d 885 (5 Cir.1997), cert. denied, 523 U.S. 1078, 118 S.Ct. 1525, 140 L.Ed.2d 676 (1998).
La.C.Cr.P. art. 521 provides:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
A motion to suppress is a pretrial motion which, at the latest, may be filed during trial.[1] La.C.Cr.P. arts. 521, 703, subd. C; State v. Quimby, 419 So.2d 951 (1982).
The transcript in the present case provides a question of whether the magistrate court ruled on the motion to suppress or was going to rule in the future. The transcript states:
MS. WASHINGTON (for the Defense):
That statute still reads, your Honor, that a vehicle cannot be stopped, a person cannot be searched in conjunction with that particular statute.
MR. KWON (for the State):
Your Honor, if you'd like to adjourn I can provide you with the case and the relevant citation.
THE COURT:
Adjourn for how long?
MR. KWON:
Until next week, your Honor.
THE COURT:
Take it up on writs. I'm going to grant her the Motion to Suppress based upon State versus Barbier and the Supreme Court Trailer upheld R.S. 32:295.1, the case again is State v. Barbier, 743 Southern Second, 1236.
MR. KWON:

*1011 Your Honor, at this time [the] State
THE COURT:
You have seven days to take your writs.
MR. KWON:
Thank you, your Honor. State also would request a stay in proceedings.
THE COURT:
Denied.
(END OF MOTION AND TRIAL)
La. R.S. 14:3 provides:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
In the present case the minute entry dated October 17, 2000, states in pertinent part:
Defendant present with counsel. State called p/o J. Palm and p/o Kevin Serums. [sic] to testified [sic] before the bar. Motion to suppress granted. Status Hearing on writs set for 10-24-00.
The minute entry shows that the motion to suppress was granted. In the transcript, the magistrate court stated that: "I'm going to grant her the Motion to Suppress." This language can be interpreted to mean that the magistrate court granted the motion or would grant the motion to suppress in the future.
Generally, when there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lemons, 1999-2158 (La.4/20/00), 760 So.2d 1152; State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Jones, 557 So.2d 352 (La.App. 4 Cir.1990).
The language of the transcript should be given a genuine construction, according to the fair import of the words, taken in their usual sense in context of the motion hearing. Considering that the magistrate court gave the State an opportunity to apply to this court for writs and the State has applied for writs, we find that the magistrate court granted Dorsey's motion to suppress. The magistrate court did not stay the matter but did not state that it dismissed the case.
If the charge had been dismissed, the State would not have the opportunity to challenge the magistrate court's ruling on the motion to suppress by taking writs. La.C.Cr.P. art. 912B provides in pertinent part: "The state cannot appeal from a verdict of acquittal." Ordinarily, an appeal is not the proper method of review for a misdemeanor conviction as the court of appeal's appellate jurisdiction extends only to cases that are triable by jury. State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240. In State v. Polkey, 95-564 (La.App. 5 Cir. 1/17/96), 669 So.2d 2, the appellate court held that absent sentencing, the case was not appealable, and in addition, the misdemeanor offense was not appealable. A misdemeanor is not triable by a jury unless the punishment that may be imposed exceeds six months imprisonment. La.C.Cr.P. art. 779; State v. Robinson, 93-864 (La.App. 5 Cir. 3/15/95), 653 So.2d 669. (Generally, a felony is punishable by a sentence "at hard labor," meaning that the sentence may be served in state prison rather than parish prison.) Where the defendant does not have a right to a trial by jury or the right to appeal, the appeal is treated as an application for a writ of review. State v. Hall, 454 So.2d 409 (La.App. 4 Cir.1984); Suthon, supra.
The State applied for writs in the present case. We find that the magistrate court did not make its final ruling to dismiss the charge or to reach a verdict of acquittal. To promote justice, this court stayed the proceedings when it received the State's emergency writ application.
*1012 The State claims that the officers properly stopped the vehicle to issue the appropriate citations based on the seat belt traffic violations.
Prior to the 1999 amendment, La. R.S. 32:295.1F provided:
F. No vehicle, driver or passenger in a vehicle, shall be inspected, detained, or searched solely because of a violation of or to determine compliance with this Section.
In State v. Barbier, 98-2923 (La.9/8/99), 743 So.2d 1236, the Louisiana Supreme Court referred to the word "detained" in Section F, and found that the statute prohibited law enforcement from stopping or detaining a vehicle solely for violation of La.R.S. 32:295.1. Subsequent to Barbier's arrest, but prior to the Supreme Court's opinion, La.R.S. 32:295.1F was amended.
Act 1999, No. 1344, amended Section F as follows:
F. Probable cause for violation of this Section shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Section. A law enforcement officer may not search or inspect a motor vehicle, its contents, the driver, or a passenger solely because of a violation of this Section.
Although an officer may not search or inspect the vehicle or occupants based solely on a seatbelt traffic violation, the wording of amended Section F now does not prohibit the police from stopping a vehicle, detaining the occupants, and issuing traffic citations when the occupants are not wearing seat belts in traffic. In the present case, the evidence was seized on March 21, 2000, after La.R.S. 32:295.1 was amended in 1999 and was effective in January 2000. Barbier has no bearing in this case.
Officer Scruggs testified that:
As we were approaching the intersection we observed a late model Oldsmobile heading eastbound on North Galvez. At that time, as that vehicle which was being driven by Mr. Dorsey and another subject in the passenger side front seat, who was later identified as Mr. Trasp which was holding a small infant, we noticed that none of the subjects had seat belts on nor the child was in a safety seat. At that time we elected to stop the vehicle for a traffic violation to issue the appropriate citations.
To charge someone with a violation of the statute, the vehicle must be "in forward motion" under La. R.S. 32:295.1A(1). The language in the transcript that the vehicle was "heading eastbound [emphasis added]" could mean that the vehicle was moving in forward motion, or could mean that the vehicle was pointed in an eastbound direction. The officer related that the vehicle "was being driven by Mr. Dorsey." This could mean that the car was being driven in a forward motion by Dorsey or that Dorsey was the occupant sitting in the driver's seat. The officer further stated that: "We elected to stop the vehicle for a traffic violation. [emphasis added]." This could mean that the officers actually stopped the car that was being driven down the street, or the officers detained the car that was not moving.
Given the common usage of the wording, under the totality of circumstances we conclude that the officer adequately testified that the vehicle was moving to satisfy the requirement that the vehicle was "in forward motion." The defense did not dispute that the vehicle was moving when the officers stopped the vehicle to issue the citations. See State v. Goodman, 99-2352 (La.App. 4 Cir. 10/13/99), 746 So.2d 693, in which the defendant provided evidence that the vehicle was parked in a lot and the defendant was not driving. To give an effect to the officer's testimony, the language is given a genuine construction, according to the fair import of the words, taken in their usual sense, in connection with the context, Officer Scruggs stated that he and his partner saw the vehicle heading eastbound, *1013 meaning that the vehicle was moving down the street. They saw that the occupants of the vehicle were not wearing seat belts, and the child was not in a safety seat. The officers lawfully stopped the vehicle from moving ahead and detained the occupants in order to issue the traffic citations.
Officer Scruggs testified that he saw the opened matchbox containing what appeared to be marijuana in plain view on the floorboard on the driver's side of the vehicle. Officer Scruggs stated that: "As [Dorsey] was exiting the vehicle, I observed himlike he was moving his legs as he was stepping out of the vehicle like he was trying to possibly maybe kick it in some matter or to that effect like possibly underneath the seat to conceal contraband."
In State v. Smith, 96-2161 p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549, this court discussed the plain view exception:
In order for an object to be lawfully seized pursuant to the "plain view" exception to the Fourth Amendment, "(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband." State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ[s] denied 629 So.2d 1126 and [629 So.2d] 1140 (La.1993). In Tate, this court further noted: "In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found "inadvertently" in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently." Tate at 917.
"Immediately apparent" in this context means only that the officer must have probable cause to believe an item is contraband. State v. Jones, 93-1685 (La.App. 4 Cir. 7/27/94), 641 So.2d 688. In reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. Deference should be given to the experience of the policemen who were present at the time of the incident. Id. Probable cause to arrest is not absolute cause, and to determine its existence, courts must examine facts and circumstances within the arresting officer's knowledge in light of the experience of reasonable people, not legal technicians. State v. Flanagan, 29,316 (La.App. 2 Cir. 4/2/97), 691 So.2d 866.
In the present case the officers lawfully stopped the vehicle and, in the process of issuing citations, the officers lawfully requested the driver to step out of the car. See State v. Bullock, 99-2124 (La.App. 4 Cir. 6/14/00), 766 So.2d 585. The officer lawfully seized the matchbox pursuant to the plain view exception to the warrant requirement because Officer Scruggs was justifiably in the area where he observed the partially opened matchbox in plain view. See State v. Wyatt, 99-2221 (La. App. 4 Cir. 9/27/00), 775 So.2d 481. From his past experience and from Dorsey's attempt to kick the matchbox under the seat, under the totality of circumstances, it was immediately apparent to the officer that he had probable cause to believe that the partially opened matchbox in plain view contained what appeared to be contraband. The trial court erred as a matter of law in suppressing the evidence by erroneously determining that the officers could not stop the vehicle solely for issuing traffic citations under La. R.S. 32:295.1F.
Accordingly, the ruling of the trial court is reversed, the defendants' motion to suppress is denied, and the case is remanded for further proceedings.
*1014 WRIT GRANTED; REVERSED & REMANDED.
MURRAY, J., concurs with reasons.
MURRAY, J., concurring with reasons:
As the majority notes, the 1999 amendment of La.R.S. 32:295.1 F clearly allows the police to stop a moving vehicle when its occupants are observed without seat belts, but the statute does not permit any further search or inspection absent additional grounds. See e.g., State v. Harmon, 32,659 (La.App. 2 Cir. 5/14/99), 754 So.2d 986 (detection of strong odor of alcohol when driver stopped justified further detention for sobriety test), writ denied as untimely, 99-1751 (La. 10/1/99), 748 So.2d 445. In this case, Officer Scruggs testified that he not only saw the partially open matchbox when he approached the vehicle, but that the green vegetable matter that appeared to be marijuana was plainly visible inside the box. Accordingly, the evidence was lawfully seized and should not have been suppressed.
NOTES
[1] In its brief, the State asserts that:

At trial, the State presented its case and attempted to file into evidence the marijuana recovered by Officer Kevin Scruggs. Defense objected to the introduction of the evidence as retrieved from an illegal stop and made a motion to suppress the evidence.