MARION F. EDWARDS, Judge.
The defendant, Patrick Fleming, appeals the denial of his Motion To Suppress Evidence in his conviction for possession of cocaine. Because we find no error in this determination by the trial court, we affirm.
Fleming was charged with possession of cocaine, in violation of LSA-R.S. 40:967(G). In a separate bill of information, Fleming was charged with possession of marijuana, which was seized simultaneously with the cocaine.[1] Fleming initially pled not guilty to both charges. However, once the trial court denied his motion to suppress evidence, and-this Court denied defendant’s application for supervisory writs,[2] he withdrew that plea and pled guilty as charged, reserving his right to appeal the denial of his motion to suppress.[3]-
laAfter accepting Fleming’s guilty plea, the trial judge sentenced him to 18 months of imprisonment at hard labor to run concurrently with the sentence in the marijuana case. Fleming’s timely motion for appeal was granted.
At the hearing on the motion to suppress, Detective Shane Tilford testified that in 1999, he was a patrol officer with the Kenner Police Department. On December 23, 1999, at approximately 11:15 p.m. he noticed a vehicle changing lanes without signaling on Williams Boulevard. *1110 Detective Tilford stopped the vehicle to issue a citation to the driver. The officer approached the vehicle and told the driver the reason he was being stopped. As he was speaking to the driver, Detective Til-ford noticed the passenger, defendant Patrick Fleming, slide two small objects from between his feet to the front edge of his seat by the floorboard. The officer was initially concerned that Fleming may have had a weapon under the seat, and does not like anyone placing their hands where he could not see them:'
Tilford stated that one of the packages was blue, and next to it “looked like a little piece of clear plastic.” He found the color of the container significant, because marijuana in gram sizes is commonly packaged in small blue, red, or clear packages. According to Detective Tilford, the driver did not seem nervous, while the defendant was “semi-nervous, asking a lot of questions.” Detective Tilford also stated that the defendant appeared to be slightly impaired or intoxicated. Because Fleming seemed to be very “aggravated” that the car had been stopped, Detective Tilford also asked for his identification in the event that there was an “incident” with him.
Fleming provided his identification, and a computer check revealed that Fleming had an outstanding ■ attachment. "When a back-up officer arrived, that | ¿officer stood with the driver and Detective Tilford went to’ the passenger’s side of the vehicle to arrest Fleming on the attachment. The officer asked Fleming to exit the vehicle, and he did so without incident. After Fleming was arrested and placed in the police unit, Detective Tilford shined his flashlight through the windshield of the car onto the floorboard where defendant had placed the objects, “... Right where the seat met the floorboard,” Detective Tilford saw what he believed to be a “package of marijuana with a small tear off baggie, which was clear plastic, which is commonly used to package individual pieces of crack cocaine.” He also saw a partially smoked marijuana cigarette. The officer was able to position his flashlight and see the objects “without actually digging under the seat.” Detective Tilford stated he knew the blue, square package was itself not a weapon, but wanted to make sure there wasn’t a weapon under the seat. He suspected the blue packaged object to be marijuana, because marijuana was frequently wrapped that way. The pohce report, which was not introduced into evidence at the hearing, indicates that the officer found a small, partially-smoked marijuana cigarette, a blue plastic bag containing a green substance that field-tested positive for marijuana, and a clear plastic bag containing a substance that field-tested positive for cocaine.
On appeal, Fleming contends that the trial judge improperly denied his motion to suppress because the evidence was the product of an unlawful search.
Warrantless searches ' and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement.[4] The State bears the |sburden of proving that one of these exceptions applies.[5] Whether evidence was seized in violation of the Fourth Amendment is a determination to be made by the trial judge, whose factual findings *1111 are entitled to great weight on appeal.[6]
A search incident to a lawful arrest is a recognized exception to the warrant requirement.[7] When the occupant of an automobile is arrested, the police, as a contemporaneous incident of that arrest, may search the passenger compartment of the automobile.[8] Fleming does not argue that his arrest on the outstanding attachment was unlawful. Rather, Fleming argues that the facts of this case do not support a valid search incident to arrest because he was already secured in the police car when the contraband was recovered and the contraband was not within his immediate control.
We have previously considered a similar situation in which a defendant and his companions were secured inside the police car when cocaine was discovered in the auto.[9] The defendant argued that the drugs were not in his immediate control. There, we found that the police may search the passenger compartment of a car and any containers therein even though the occupant has been removed, as long as the former occupant was lawfully arrested and had been an occupant just prior to that arrest.[10] Once a lawful arrest has been made, a warrantless search of the | ^arrestee’s person and of the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed.[11] Thus, the search of the passenger’s side of the vehicle was justified as a search incident to Fleming’s valid arrest.
Further, if a car is readily mobile and probable cause exists to believe that it contains contraband, the Fourth Amendment permits police to search the vehicle.[12] Probable cause to search exists when the totality of the facts and circumstances within the officer’s knowledge are sufficient to support a reasonable belief that evidence or contraband may be found in the vehicle to be searched.[13] The determination of probable cause does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance of the evidence standard demands, but rather, involves factual and practical considerations of everyday life on which average police officers can be expected to act.[14] Here, Detective Tilford observed Fleming’s agitated demeanor, and saw him hide something beneath his seat, packaged and colored in a way commonly associated with containers of mari *1112 juana and/or crack cocaine. An officer with Detective Tilford’s experience could reasonably believe that contraband would be found in the vehicle. Because the prevailing jurisprudence supports a determination that the search was incident to a lawful arrest, we find this assignment of error to be without merit.
|7We have reviewed the record for errors patent,[15] and found none.
For the foregoing reasons, we affirm the denial of the motion to suppress, and affirm the conviction and sentence herein.
AFFIRMED.

. State v. Patrick Fleming, 01-KA-1370, is a companion to the instant appeal.

. State v. Patrick Fleming, 01-K-411 (La.App. 5 Cir. 4/26/01).

.See State v. Crosby, 338 So.2d 584 (La.1976).

. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Russell, 98-682 (La.App. 5 Cir. 1/13/99), 726 So.2d 444, 446, writ denied, 99-767 (La.6/18/99), 745 So.2d 19.

. State v. Russell, supra, at 446.

. State v. Ellis, 94-599 (La.App. 5 Cir. 5/30/95), 657 So.2d 341, 353, writs denied; 95-2095 (La. 12/8/95), 664 So.2d 421, 95-1639 (La. 1/5/96), 666 So.2d 300.

. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

. State v. Freeman, 97-1115 (La.App. 5th Cir.12/29/98), 727 So.2d 630, 634-635.

. State v. Freeman, supra, citing State v. Alaimo, 95-1044 (La.App. 4 Cir. 6/29/95), 657 So.2d 1102, 1104. Also State v. Mitchell, 97-2774 (La.App. 4th Cir.2/3/99),731 So.2d 319, 328.

. State v. Freeman, supra; State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790.

. State v. Lopez 2000-0562 (La.l 1/3/00), 772 So.2d 90, 93; State v. Toca 99-1871 (La.App. 4th Cir.9/6/00),769 So.2d 665, 668, citing Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999).

. State v. Pittman, 95-382 (La.App. 5th Cir. 10/1/96), 683 So.2d 748, 764; State v. Russell 98-682 (La.App. 5th Cir.1/13/99), 726 So.2d 444, 446.

. State v. Washington 99-1111 (La.App. 4 Cir. 3/21/01),788 So.2d 477, 488; see also State v. Simms, 571 So.2d 145 (La.1990).

. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).