EDWARDS, Judge.
Defendant Patrick Fleming appeals his misdemeanor conviction of possession of marijuana. However, because the case is not appealable, we dismiss for lack of jurisdiction. The Jefferson Parish District Attorney filed a bill of information charging Fleming with possession of marijuana, in violation of LSA-R.S. 40:966(C). We note that the bill of information incorrectly lists subsection C, while it should actually *1113 list subsection D of LSA-R.S. 40:966, which is the provision of the statute prohibiting possession of marijuana in January 12, 2000, when the bill of information was filed. In a separate bill of information, the defendant was charged with possession of cocaine, which was seized simultaneously with the marijuana.[1]
Fleming initially pled not guilty to both charges. However, once the trial court denied his motion to suppress evidence, and this Court denied his application for supervisory writs,[2] he withdrew that plea and pled guilty as |scharged, reserving his right to appeal the denial of his motion to suppress.[3] After accepting Fleming’s guilty plea, the trial judge sentenced him to six months of imprisonment in the parish prison to run concurrently with the sentence in the cocaine case. Fleming’s motion for appeal was granted by the trial court.
At the outset we note that the record in this case does not indicate that it was consolidated with the bill of information on the felony cocaine case, either orally or by written motion. The appellate jurisdiction of this Court extends only to cases that are triable by a jury.[4] A misdemeanor is not triable by a jury unless the punishment that may be imposed exceeds six months of imprisonment.[5] Possession of marijuana is not triable by a jury since it is punishable by imprisonment in the parish jail for not more than six months.[6] Since possession of marijuana is not triable by a jury, it is also not appealable.
Recently, this Court dismissed a similarly filed appeal of a misdemeanor for lack of jurisdiction, even though the defendant’s felony conviction that arose out of the same incident was before' the Court on appeal.[7] We recognized that this Court had issued an en banc order in 1994, effective January 1, 1995, to end the practice of converting improperly filed appeals' into applications for supervisory writs as follows:
Further, we will not, in derogation of established procedure, consider the ^assigned errors through the mechanism of converting the appeal to a writ. On December 9th, 1994, this Court, acting en banc, issued the following order:
It has come to the attention of this Court that an increasing number of non-appealable matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize that this approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction. Hence, we will no longer continue such practice.
IT IS HEREBY ORDERED that, as of January 1, 1995, all non-appeal-able matters filed as an appeal will be dismissed. Accordingly, all parties *1114 will be required to follow and adhere to the procedural schemes set forth in our Louisiana Code of Civil and Criminal Procedure.
Thereafter, we dismissed the appeal, but reserved the defendant’s right to seek relief pursuant to a writ application properly invoking the supervisory jurisdiction of this Court. We have also rejected a claim from a misdemeanor theft defendant, that dismissing an improperly filed appeal would deny defendant’s right to access to the courts.[8] There, we also reserved to defendant the right to file an application for supervisory writs within 30 days of the judgment. In keeping with our policy we must dismiss the appeal, as Fleming’s relief is by supervisory writs to this court.
Accordingly, we dismiss the present appeal, reserving Fleming’s right to file an application for supervisory writs within 30 days from the date of this opinion.
APPEAL DISMISSED.

. State v. Patrick Fleming, 01-KA-1369 (La.App. 5 Cir. 5/29/02), 820 So.2d 1108, a companion to the instant appeal.

. State v. Patrick Fleming, 01-K-411 (La.App. 5 Cir. 4/26/01), — So.2d -.

. See State v. Crosby, 338 So.2d 584 (La. 1976).

. La. Const. of 1974, art. V, § 10; LSA-C.Cr.P. article 912.1; State v. Chess, 00-164 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286; State v. Robinson, 97-686 (La.App. 5 Cir. 1/14/98), 707 So.2d 81.

. LSA-C.Cr.P. article 779; State v. Robinson, supra.

. LSA-R.S. 40:966(D), West's Statutory Criminal Law and Procedure (2001).

. State v. Chess, supra.

. State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240, 242.