SUSAN M. CHEHARDY, Judge.
[ ¡.Defendant, Darwin Bustillo, appeals the trial court’s denial of his motion to set *640 aside his misdemeanor convictions. Because this ruling is not reviewable under our appellate jurisdiction, we dismiss this appeal.
In this case, defendant pled guilty to two misdemeanor counts on May 3, 2007. After defendant waived sentencing delays, the trial court deferred imposition of sentence on either count pursuant to La. C.Cr.P. art 894, and placed defendant on inactive probation for one year.
On March 3, 2011, defendant filed a motion to set aside his convictions. On March 24, 2011, after a hearing, the trial judge denied defendant’s motion. On appeal, defendant seeks review of that ruling.
In criminal matters, the appellate jurisdiction of this Court extends to judgments in those cases that are triable by a jury. La. Const, of 1974, art. V, § 10; La. C.Cr.P. art. 912.1(B)(1). “In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review.” La.C.Cr.P. art. 912.1(C)(1). This matter falls into the category of “other cases not otherwise provided by law.”
Is Accordingly, we dismiss the present appeal. State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240, 242. We reserve, however, Mr. Bustillo’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. 4-3, within thirty days from the date of this decision. Further, we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ so Mr. Bustillo is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.

APPEAL DISMISSED.