SUSAN M. CHEHARDY, Chief Judge.
12In this case, the State of Louisiana challenges the trial court’s ruling granting defendant’s motion to quash the bill of information. Because the State seeks review of the quashal of a misdemeanor offense not triable by jury, we dismiss this appeal for lack of jurisdiction.
La. Const. Art. V, § 10 states that the appellate jurisdiction of the courts of appeal extends to “all criminal cases triable by a jury [except capital cases]” and its supervisory jurisdiction exists “over cases which arise within its circuit [not otherwise provided by law].” See also, La.C.Cr.P. art. 912.1(B)(1); La.C.Cr.P. art. 912.1(C)(1). To be eligible for trial by jury, an accused must be faced with imprisonment for more than six months and/or a fine of more than $1,000.00. La. C.Cr.P. art. 779(B).
Here, the defendant was originally charged with first offense operating a vehicle while intoxicated, in violation of La. R.S. 14:98[1] which is not triable by jury. La.C.Cr.P. art. 779(B). Because the State seeks review of the quashal of an offense not triable by jury, this judgment is not an appealable judgment. Under La.C.Cr.P. art. 912.1(C)(1), an application for a writ of review is the proper | ¡¡mechanism for seeking judicial review of a conviction on an offense not triable by jury. See also, La. Const. Art. V, § 10.
Although other panels of this Court have opted to convert matters that are not subject to this Court’s appellate jurisdiction to applications for writs of review, we decline to follow that trend in this matter.[2] Cf. State v. Tate, 09-619, p. 3 (La.App. 5 Cir. 2/9/10), 33 So.3d 292, 295-96. In an approach that we believe is more consistent with the constitutional delineation of the appellate court’s jurisdiction, we will not convert this matter to a supervisory writ application.
Accordingly, we dismiss the present appeal. State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240, 242. We reserve, however, the State’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within thirty days from the date of this decision. Further, we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ so the State is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.

APPEAL DISMISSED.

. Under La. R.S. 14:98(B), a conviction for aggravated battery is punishable by imprisonment for not less than ten days nor more than six months and a fine between $300.00 and $1,000.00.

. For many years, this Court adhered to a firm policy declining to convert improper appeals into applications for supervisory writs. State v. Fleming, 01-1370 (La.App. 5 Cir. 5/29/02), 820 So.2d 1112, 1113; State v. Chess, 00-164 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286; State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240; State v. Robinson, 97-686 (La.App. 5 Cir. 1/14/98), 707 So.2d 81. Although there are instances where the interests of justice support converting improperly-filed appeals to supervisory writs, such as State v. Trepagnier, 07-749 c/w 07-750 (La.App. 5 Cir. 3/11/08), 982 So.2d 185, conversion should be the exception, not the rule as it contradicts the authority granted to appellate courts by the supreme law of this state. "The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield.” Macon v. Costa, 437 So.2d 806, 810 (La.1983).