SUSAN M. CHEHARDY, Chief Judge.
12Pefendant, Kyron J. Hunter a/k/a Khara Amun Bey, appeals his conviction and sentence for first offense possession of marijuana. Because defendant seeks review of his misdemeanor conviction for a crime not triable by jury, we dismiss this appeal for lack of jurisdiction.
La. Const. Art. V, § 10 states that the appellate jurisdiction of the courts of appeal extends to “all criminal cases triable by a jury [except capital cases]” and its supervisory jurisdiction exists “over cases which arise within its circuit [not otherwise provided by law].” See also La. C.Cr.P. art. 912.1(B)(1); La. C.Cr.P. art. 912.1(C)(1). To be eligible for trial by jury, an accused must be faced with imprisonment for more than six months and/or a fine of more than $1,000.00. La. C.Cr.P. art. 779(B).
Here, after a bench trial on November 17, 2014, the trial judge found defendant guilty of first offense possession of marijuana, a violation of La. R.S. 40:966(C). According to La. R.S. 40:966(E)(1), “on a first conviction for violation of Subsection C of this Section with regard to marijuana, ... the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more |athan six months, or both.” State v. Jefferson, 08-2204 (La.12/01/09), 26 So.3d 112, 114. Thus, defendant’s offense is a misdemean- or offense not eligible for trial by jury and his conviction is, therefore, not an appeal-able judgment.
Under La. C.Cr.P. art. 912.1(C)(1), an application for a writ of review is the proper mechanism for seeking judicial review of a conviction on an offense not triable by jury. See also La. Const. Art. V, § 10. By en banc resolution dated May 23, 2014, the Judges of this Court decided, barring an exceptional situation,[1] to refuse *775 to convert matters not subject to this Court’s appellate jurisdiction to applications for writs of review.
Accordingly, we dismiss the present appeal. State v. Donaldson, 13-703 (La.App. 5 Cir. 11/19/13), 130 So.3d 394, 395; State v. Flowers, 11-376 (La.App. 5 Cir. 12/13/11), 81 So.3d 910. We reserve, however, defendant’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within thirty days from the date of this decision. Further, we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ so defendant is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.

APPEAL DISMISSED

. See State v. Lyons, 13-180 (La.App. 5 Cir. 10/09/13), 128 So.3d 407, 409; State v. Tre *775 pagnier, 07-749 c/w 07-750 (La.App. 5 Cir. 3/11/08), 982 So.2d 185.