**Phillip HARRIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 97 Civ. 3290(DNE).**

United States District Court, S.D. New York.

April 7, 1998.

Phillip Harris, pro se.

## OPINION & ORDER

EDELSTEIN, District Judge.

Petitioner, *pro se,* brings this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1]

---

1.  In relevant part, § 2255 states:

A prisoner in custody under sentence of a

## BACKGROUND

On October 24, 1989, Indictment 89 Cr. 807 was filed in three counts, against Phillip Harris ("Harris" or "Petitioner"). Count One charged Harris, Wallace Donald Matura ("Matura") and Steven Burgess ("Burgess") with conspiracy to distribute and possess with intent to distribute more than one kilogram of phencyclidine ("PCP"), in violation of Title 21, United States Code, Section 846. Count Two charged Harris, Matura and Burgess with distributing and possessing more than one kilogram of PCP in violation of Title 21, United States Code, Section 812, 841(a)(1), and 841(b)(1)(A). Count Three charged Harris with using and carrying a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

On March 31, 1989, after a six day trial, the jury convicted Harris, Matura and Burgess on Counts One and Two, and acquitted Harris on Count Three. This Court sentenced Harris to a prison term of 264 months. On direct appeal, Harris challenged his sentence as improper because the offense level involved PCP not seized from him but rather distributed during the conspiracy. In addition, Harris challenged the two level enhancement for his role in the offense as a manager and/or supervisor of a drug conspiracy. His sentence was affirmed on appeal. *See United States v. Harris, Matura, and Burgess*, No. 90–1490, 1991 WL 51175 (2d Cir. Feb. 5, 1991).

On May 29, 1997, Harris filed the petition currently before this Court. In his motion Harris asserts six arguments. First, Harris claims that there was insufficient evidence presented at trial of his participation in the Count One conspiracy to distribute PCP to sustain the conviction. Memorandum of Law in Support of Petitioner's writ of Habeas Corpus Title 28, U.S.C. § 2255 Motion, to Vacate, Set Aside, or Resentence Petitioner ("Pet.Br.") at 2. Second, Harris claims that there is newly discovered evidence regarding alleged misconduct on the part of certain

Drug Enforcement Agency ("DEA") Special Agents, John McKenna and Jonathan Wilson, prior to and during the trial, which entitles him to a new trial. *Id.* Third, Harris asserts that his trial counsel was ineffective because he did not investigate the backgrounds of the DEA agents, and that his appellate counsel was ineffective as well. *Id.* Fourth, Harris claims that DEA Special Agent Jonathan Wilson perjured himself during the trial. *Id.* Fifth, Harris contends that he was denied his right to testify by his trial counsel. *Id.* Finally, Harris argues that this Court's use of the word "failure" in a jury instruction discussing the Government's burden of proof "exacted an impermissible toll" on his exercise of his constitutional right not to testify. *Id.*

For the reasons discussed below, all of Petitioner's claims are without merit, and therefore, his motion is denied.

## DISCUSSION

▆▆ Harris' first claim is that there was insufficient evidence to convict him of Count One, the conspiracy to distribute more than one kilogram of PCP. This issue was not raised on direct appeal and therefore is procedurally barred. Where petitioner has failed to raise a claim on direct appeal, the claim is barred unless the petitioner can establish "cause and prejudice" for the default of normal appellate procedure and "prejudice" flowing from the alleged error. *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992). Harris has established neither cause for his default nor prejudice from the alleged error in light of the abundance of evidence presented at trial and therefore, this claim must be denied.

Harris' second argument is that he is entitled to a new trial because the Government withheld evidence of misconduct by DEA agents John McKenna and Jonathan Wilson who both testified at Harris' trial. He claims that Special Agents McKenna and Wilson were "both involved in stealing money, coerc-

court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to im-

pose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

ing witnesses, etc., and that both agents were under investigation prior to and during [the] trial in this instant case.". Pet. Br. at 14. Harris does not state the source of his information, however the Government and this Court believe that he is referring to the 1991 publicized allegations of misconduct by members of former group 33 of the DEA, of which Special Agents McKenna and Wilson were a part.[2]

In order for Petitioner to be entitled to the extraordinary relief of a new trial, he must establish that the new evidence directly contradicts the Government's case. " 'The discovery of new evidence which merely discredits a government witness and does not directly contradict the government's case ordinarily does not justify the grant of a new trial.' " *United States v. Spencer,* 4 F.3d 115, 119 (2d Cir.1993) (quoting *United States v. Sposato,* 446 F.2d 779, 781 (2d Cir.1971)). A petitioner seeking a new trial based on the discovery of new evidence bears a "stringent" burden. *United States v. Parness,* 408 F.Supp. 440, 443 (S.D.N.Y.1975), *aff'd,* 536 F.2d 474 (2d Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976). Such motions "based upon previously undiscovered evidence [are] ordinarily 'not favored and should be granted only with great caution.' " *United States v. Stofsky,* 527 F.2d 237, 243 (2d Cir.1975) (quoting *United States v. Costello,* 255 F.2d 876, 879 (2d Cir.)), *cert. denied,* 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958).

For a petitioner to succeed on such a motion, he must show that the evidence could not have been discovered, exercising due diligence, before or during the trial, and that "the evidence is so material and non-cumulative that its admission 'would probably lead to an acquittal.' " *United States v. Siddiqi,* 959 F.2d 1167, 1173 (2d Cir.1992) (quoting *United States v. Alessi,* 638 F.2d 466, 479 (2d

Cir.1980)). "The 'orderly administration of justice requires finality of judgment rendered after a trial unless injustice results. The findings of the trier of fact ... should not be disturbed on motions for a new trial based upon allegedly newly discovered evidence except for the most extraordinary circumstances.' " *United States v. Ochs,* 548 F.Supp. 502, 512 (S.D.N.Y.1982) (quoting *United States v. Fassoulis,* 203 F.Supp. 114, 117 (S.D.N.Y.1962)).

Harris' claim fails to satisfy these standards. The allegations concerned alleged misconduct of Special Agent McKenna and not Special Agent Wilson. The allegations of misconduct occurred ten months after the conclusion of Harris' trial and none of the allegations concern Harris or this case.[3] Thus, these allegations cannot supply the basis for a successful motion for a new trial unless those allegations fall within the doctrine articulated by the Supreme Court in *Mesarosh v. United States,* 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956). In *Mesarosh* the Supreme Court based its decision to order a new trial on the Government's own conclusion that its witness was unreliable. *Id.* at 9. Here, there is no allegation that Special Agent McKenna ever falsely incriminated anyone, nor does the record reflect any belief on the part of the Government that Special Agent McKenna is unreliable.

Furthermore, because the allegations regarding Special Agent McKenna stem from investigations completely unrelated to Harris' case, the allegations are not material to the testimony Special Agent McKenna gave at Harris' trial. Harris has failed to demonstrate any basis for the admission of such evidence at a new trial. The requirement that a defendant seeking a new trial demonstrate materiality and likelihood of acquittal "presupposes, of course, that the proffered new 'evidence' would be admissible at the

---

**2.** In December 1989, Agent McKenna and other agents participated in a search and arrest in a case later captioned *United States v. Huasker Lara et al.,* 89 Cr. 1006(KC). At the suppression hearings held on July 20, August 7, and August 8, 1990, Honorable Kenneth Conboy found significant errors and inconsistencies in the testimony and sworn statements of certain DEA agents, including Agent McKenna.

**3.** It is important to note that because the allegations of misconduct on the part of Special Agent McKenna did not exist at the time of his testimony at Harris' trial, it would have been impossible for the Government to disclose such allegations of misconduct to Harris at that time.

new trial." *United States v. Parker*, 903 F.2d 91, 102–03 (2d Cir.), *cert. denied*, 498 U.S. 872, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990).

Finally, the evidence against Harris was not limited to the testimony of Special Agent McKenna. Special Agent Wilson testified that he recovered keys and an additional twenty-three ounces of PCP from Harris at the time of Harris' arrest. Tr. 28, 45. He further testified that he and other DEA agents seized an additional 584.2 grams of PCP, various PCP paraphernalia, a loaded 9–millimeter semi-automatic pistol, a loaded .380 semi-automatic pistol, and various rounds of ammunition from Harris' apartment.[4] Tr. 28–45. In addition, John Coyne ("Coyne"), a confidential informant working with the DEA, testified that he purchased PCP from Harris on five separate occasions. Tr. 203–210. Coyne, cooperating with the Government, made a taped recording of a telephone conversation between him and Harris in which Harris agreed to sell Coyne 64 ounces of PCP. Tr. 211–18. On October 17, 1989, Harris and his codefendants sold to Coyne and an undercover agent sixty four ounces of PCP. Tr. 211–18.

Accordingly, this Court is confident that the jury's guilty verdicts rested on "competent, satisfactory and sufficient evidence." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir.1992), and thus Harris' second claim is without merit.

Petitioner's third claim is that his trial and appellate counsel, Neil Zang, was ineffective because Harris allegedly told Mr. Zang to investigate McKenna and Wilson, because "the drugs and guns allegedly found inside his apartment by agent Wilson [was] a lie, because Petitioner did '*not*' have any drugs or guns inside his apartment." Pet. Br. at 4. He alleges that Mr. Zang failed to do so and that had Mr. Zang investigated the backgrounds of the agents he would have discovered that they were under investigation for misconduct. Pet. Br. at 5.

First, Harris' claim of ineffective assistance of counsel is barred because he failed to raise it on direct appeal. Where a defendant has failed to raise a claim on direct appeal his claim is barred from collateral review on a Section 2255 petition unless he can demonstrate cause for the default of normal appellate procedure and actual prejudice from the alleged violation on which the claim is based. *See Campino v. United States*, 968 F.2d 187, 189 (2d Cir.1992). Harris has failed to demonstrate cause for the default of normal appellate procedure. However, even assuming that Harris has established cause by stating that his trial attorney was also his appellate attorney, Harris has failed to demonstrate prejudice resulting from the failure to raise these claims.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that counsel's representation fell below an objective standard of reasonableness, *see Strickland*, 466 U.S. at 688, and that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694; *see also Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir.1990) (quoting *Strickland*, 466 U.S. at 689). Harris has not overcome this strong presumption that his counsel's conduct was reasonable. Recognizing that at the time of Harris' trial there were no allegations of misconduct on the part of either agent, Harris' assertion of this belated claim that his trial counsel failed to investigate Special Agents McKenna and Wilson is wholly without merit. Pet. Br. at 3.

Petitioner also alleges that his appellate counsel was ineffective.[5] A defendant's right to the effective assistance of counsel applies not just at trial but also on

---

4. The testimony regarding the possession of firearms must be considered in light of the jury finding Petitioner not guilty on the weapons charge.

5. Petitioner's, trial counsel was also his appellate counsel.

direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Harris argues that his appellate attorney · denied him effective assistance in that "counsel's errors precluded the presentation of ·meritorious issues for review." Pet. Br. at 27. However, Harris has failed to make any showing that he was denied effective assistance of counsel, other than his conclusory statement that "appellate counsel's failure to raise the insufficient evidence on count one of the indictment,. the improper jury instruction, the perjury testimonies and misconduct by Agents ... Wilson and ... McKenna, renders counsel ineffective." *Id.* at 28. Therefore, Harris' claim of ineffective assistance of appellate counsel is meritless.

Next, Harris asserts that he is entitled to a new trial because he alleges that Special Agent Wilson perjured himself when he testified at trial. Specifically, Harris asserts that Special Agent Wilson lied when he testified that he found Harris in possession of keys when Harris was arrested and that in a search of an apartment where Harris lived Special Agent Wilson found guns and drugs. Pet. Br. at 16.

■ Before a court will overturn à conviction and order a new trial based upon claims that the prosecution intentionally used perjured testimony, the defendant must first demonstrate that the witness in fact lied on the stand. *See, e.g., United States v. Gonzalez*, 748 F.2d 74, 77 (2d Cir.1984). Harris has failed to substantiate his claim with any evidence, thus, again, Harris' claim is without merit. ·

Harris' fifth claim is that his trial counsel did not allow him to testify on his own behalf. Pet Br. at 6–8. He asserts that he informed his attorney that he wished to testify, but that his attorney never permitted him to take the witness stand. *Id.* Harris contends that his attorney informed him that the decision to testify belonged to Harris, but that his attorney advised him not to testify. *Id.* He further claims that his attorney prepared him for his testimony, but that upon completion of the Government's case, his attorney rested without consulting him. *Id.* at 8.

■ The right of a defendant to testify on his own behalf is a constitutional right. The decision whether to testify is a decision that must be made by the defendant personally rather than by his attorney. *See Rock v. Arkansas*, 483 U.S. 44, 52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); *United States v. Vargas*, 920 F.2d 167, 170 (2d Cir.1990), *cert. denied*, 502 U.S. 826, 112 S.Ct. 93, 116 L.Ed.2d 64 (1991). Where a defendant is not ignorant of his right to testify, but is dissuaded from testifying by his attorney, there is no claim of ineffective assistance of counsel. *United States v. Castillo*, 14 F.3d 802, 804–05 (2d Cir.), *cert. denied*, 513 U.S. 829, 115 S.Ct. 101, 130 L.Ed.2d 50 (1994).

■ The record reflects that, at the conclusion of the Government's case, and outside the presence of the jury, this Court inquired whether the defense intended to put on a case. This Court asked, "[d]o you expect to have your witness, your client take the stand?" (Tr. 318). Harris' attorney responded, "[n]o witnesses, your Honor." *Id.* Harris made no objection to his attorney's statement that Harris would not testify. Furthermore, Harris offers no proof that his attorney rested his case without consulting Harris with regard to whether or not Harris would testify. The fact that Harris' attorney may have prepared Harris to testify, and then did not call Harris to the witness stand, is not persuasive evidence that Harris was denied his right to testify on his own behalf. Therefore, Harris's claim that his attorney denied him the right to testify in his own behalf is meritless.

■ Finally, Petitioner claims that the jury charge given by this Court exacted an impermissible toll on his right to avoid self-incrimination. Pet. Br. at 21. The charge to the jury reads as follows:

Now I will speak to you a bit about a defendant's election not to testify. A defendant in a criminal case has a legal right to remain silent and not to testify in his own behalf. A defendant has a right to rely on the *failure* of the prosecution to satisfy its burden of proof. The fact that a defendant has elected not to take the witness stand to testify in this case neither creates a basis for any presumption or

inference unfavorable to him, nor can it be considered by you as any evidence against him. You must not speculate as to why the defendant did not testify. You may not draw any inference whatsoever from a defendant's decision not to take the stand.

(Tr. 481) (emphasis added). Harris asserts that the use of the word "failure" in the above jury instruction suggested to the jury that Harris was under some duty to testify. *Id.* at 22. The charge given by this Court merely reiterates that the prosecution, not the defendant, bears the burden of proof. This claim is wholly without merit and does not warrant any further discussion.

## CONCLUSION

Having reviewed petitioner's claims and found them to be without merit, the petitioner's motion is Denied.

SO ORDERED.