■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN TAI, Appellant. [711 NYS2d 379] — Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered November 14, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to concurrent terms of 25 years to life and 8⅓ to 25 years, respectively, and order, same court and Justice, entered on or about November 28, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence established that defendant made a bona fide offer to sell heroin in that he had both the intent and ability to proceed with the transaction (People v Mike, 92 NY2d 996). The evidence concerning the meeting at which the offer was made, taken together with the totality of surrounding circumstances, warranted the inference that defendant had the requisite intent, and defendant's ability to deliver the requisite quantity of drugs was not at issue (see, People v George, 67 NY2d 817).

Any error in admitting the coconspirator's statements was harmless since the other evidence against defendant was overwhelming and there was no reasonable possibility that the jury would have reached a different verdict had the statements been excluded (see, People v Persico, 157 AD2d 339, lv denied 76 NY2d 895).

The court properly exercised its discretion in permitting the informant to testify at trial without revealing his true last name on the ground that his life would be endangered should his true identity be revealed (People v Stanard, 42 NY2d 74, cert denied 434 US 986). The informant's anonymity had no effect on defendant's ability to impeach his credibility.

Defendant's contentions with respect to the conduct of the court are unpreserved (see, People v Charleston, 56 NY2d 886), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's comments and questions did not deprive defendant of a fair trial (see, People v Jamison, 47 NY2d 882; People v Gonzalez, 38 NY2d 208, 210).

References to matters of race or ethnicity contained in the evidence and the People's summation were not improper under the circumstances (*see, People v Espinal*, 175 AD2d 177, *lv denied* 78 NY2d 1011). These references went no further than what was necessary to elucidate the facts in this case involving importation of drugs from Asia.

The court properly exercised its discretion in summarily denying defendant's motion pursuant to CPL 440.10 (1) (g) to vacate the judgment based on newly discovered evidence (*see, People v Crimmins*, 38 NY2d 407), since the fact that the People's main police witness was convicted several years later on unrelated charges had no direct bearing on defendant's case (*see, People v Reyes*, 255 AD2d 261, *lv denied* 92 NY2d 1053; *People v Martin*, 240 AD2d 5, *lv denied* 92 NY2d 856). The newly discovered evidence would have merely impeached the officer as to his general credibility and would not have "probably" changed the result (*see, People v Taylor*, 246 AD2d 410, *lv denied* 91 NY2d 978; *People v Rodriguez*, 193 AD2d 363, *lv denied* 81 NY2d 1079).

We perceive no abuse of sentencing discretion.

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.