■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLROY JACKSON, Appellant. [816 NYS2d 22]—

Order, Supreme Court, Bronx County (Michael A. Gross, J.), entered on or about April 18, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction, unanimously reversed, on the law and the facts, the motion granted, the conviction vacated and the matter remanded for a new trial. Appeal from judgment, same court and Justice, rendered March 26, 2003, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a

second felony offender to a determinate prison term of 10 years, unanimously dismissed as academic in light of the disposition of the appeal from the order denying the CPL 440.10 motion.

Based upon our review of the evidence adduced at the CPL 440.10 hearing, we conclude that defendant established, by a preponderance of the evidence (*see* CPL 440.30 [6]), the branch of his motion alleging newly discovered evidence. Although the new evidence essentially constitutes impeachment material, it is of such extraordinary significance in undermining the complainant's credibility that it "create[s] a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). Given the unusual circumstances of this case, we also find that this evidence "could not have been produced by the defendant at the trial even with due diligence on his part" (*id.*; *see People v Maynard*, 183 AD2d 1099 [1992], *appeal dismissed* 80 NY2d 1022 [1992]).

In view of this determination, we see no reason to reach any other issues raised on this appeal. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.