943 So.2d 1100 (2006)
STATE of Louisiana
v.
Ryan LEWIS.
No. 2005-KA-0973.
Court of Appeal of Louisiana, Fourth Circuit.
May 24, 2006.
Eddie J. Jordan, Jr., District Attorney, Tiffany A. Peters, Assistant District Attorney, Gregory M. Thompson, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellant.
Robert Glass, Glass & Reed, New Orleans, Counsel for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge MAX N. TOBIAS Jr., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The State appeals the trial court's judgment granting the defendant's motion for a new trial. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.
Relevant Facts and Procedural History
On May 16, 2002, Derrick Thornton and Derrick Whatley, both students at Joseph S. Clark High School ("Clark High School"), left school in the middle of the day. The two teenage[1] boys, wearing the gray pants and white shirt uniform of Clark High School, rode the Broad Street bus to Gentilly Boulevard near Lotus Street and then walked southbound on Lotus Street towards Thornton's residence at 2728 Wisteria Street.[2] At the corner of Lotus and Wisteria Street, Thornton and Whatley encountered two other boys wearing similar uniforms. Thornton and Whatley recognized one of the boys (Ronaldo *1101 Smith)[3] as a classmate at Clark High School, but Smith's companion was unknown to them. After conversing for a few minutes, the four boys walked down Wisteria Street together until they reached the Thornton residence. While the four boys stood talking on the Thornton porch, a fifth boyalso in their school uniformjoined them. Thornton briefly went inside and returned to the group on the porch with a glass of juice and, after a few more minutes of conversation, Ronaldo's unknown companion[4] produced a handgun, pointed it at Whatley, and told him not to move. Thornton jumped off the porch and the unknown boy pointed the gun at him and shot him in the neck. Thornton fell to the ground, Whatley went to his aid, and the three other boys ran in the direction of Lotus Street. Whatley and Thornton went inside Thornton's residence and called[5] for help. A New Orleans Police Department ("NOPD")[6] unit arrived at approximately 12:45 p.m. and, shortly thereafter, an EMS unit took Thornton to the Medical Center of Louisiana (a/k/a "Charity") for treatment[7] and a police detective took Whatley to Clark High School to review a computer program containing the identification photographs of the student body. Whatley identified the photograph of Ryan Lewis as the unknown male and Jarren Green[8] as the fifth person to join the group on the porch. Subsequently, Ryan Lewis was arrested later that evening.
Several weeks later, on May 23, 2002, a private investigator visited the home of Barbara Mackie, Lewis's gym teacher at Clark High School. Ms. Mackie recalled Lewis attending her third period class (11:45 a.m. until 1:15 p.m.) on the day of the incident and, for verification, referred to her records, including the class attendance forms ("Form 44"), which she filled out each day in the third period class at approximately 12 p.m. The Form 44 for May 6, 2002, documented Lewis's presence in class on that day.
On August 15, 2002, Lewis was charged by bill of indictment with attempted first-degree murder.[9] He pleaded not guilty to the charge at his arraignment on August 22, 2002. In preparation for trial, Lewis's defense counsel issued three subpoenas to the custodian of school records at Clark High School, seeking the contemporaneous attendance record (Form 44) to demonstrate that Lewis was in class at the time of the incident. Prior to Lewis's trial in October 2004, Clark High School had returned to its permanent site at 1301 N. Derbigny from its temporary (2001-2002) *1102 location on S. Rocheblave Street, but the school records custodian was unable to locate and produce the pertinent Form 44. The long-sought Form 44 was only discovered (in a storage area of Clark High School) after Lewis was convicted and, based upon its post-conviction discovery, the defense filed a motion for a new trial. After a hearing, the trial judge granted the defendant's motion.
Discussion
In determining whether to grant a defendant's motion for a new trial, the trial judge should consider four factors: (1) whether the new evidence was discovered after the trial; (2) whether the failure to discover the evidence was due to the defendant's lack of diligence; (3) whether the evidence is material to the issues at trial; and (4) whether the newly discovered evidence is of such a nature that it will probably produce a different verdict in the event of retrial. See La.Code Crim. Proc. art. 851(3). The trial judge has "much discretion" in ruling on a motion for a new trial and, upon review, this court may only set aside the judgment upon a finding that the trial judge exercised his discretion in an arbitrary manner. State v. Hammons, 597 So.2d 990, 994 (La.1992).
In this case, the defendant's alibithat he was in class at the time of the incidentwas confirmed by his teacher who contemporaneously documented each student's class attendance on an attendance card ("the Form 44"). It undisputed that immediately after the incident, the teacher had the Form 44 in her possession that verified the defendant was in class at the time of the incident and that, as required, she turned the forms into the school office at the end of the term. Defense counsel, aware of the document's existence, properly attempted to procure it from the school records custodian, issuing three documentary subpoenas, but due to the records custodian's inability to find the requested document the pertinent Form 44 was not available at the time of trial. Although the teacher testified at trial, confirming that the defendant was in class at the time of the incident, her testimony was unsupported by the contemporaneous document that recorded his attendance. The teacher's testimony was further undermined by the trial testimony of the school records custodian pertaining to the computer printout which indicated that the defendant was in class the day after the incident, when he was in jail.
The school records for the pertinent time period, including the Form 44 at issue, were discovered in a storage area of the school only after the defendant was convicted of attempted murder. Based on the discovery of the long-sought document, the defense counsel filed a motion for a new trial on behalf of the defendant. At the motion hearing, the records custodian testified that, after reviewing the newly found school records for the period at issue, he questioned whether the computer records which he had produced prior to trial (and which subsequently undermined the teacher's testimony at trial) accurately reflected the school attendance records.
The trial judge granted the defendant's motion, apparently concluding that the defendant's inability, despite repeated requests by subpoena, to obtain the contemporaneously maintained attendance records supporting his alibi was prejudicial and that subsequent availability of the document makes a material difference to the defendant's case and his defense. In appealing the trial judge's decision, the State argues, in effect, that evidence was not newly discovered because defense counsel knew of its existence prior to trial and merely issued subpoenas to the records custodian for the document rather than having his investigator attempt to *1103 seize it from the teacher at her home three months prior to his client's indictment. The State also contended in oral argument that the trial judge's decision should be overturned in the interest of judicial efficiency because affirming the decision will result in a retrial of the case. Neither of these arguments is persuasive and, in light of the serious crime at issue, the judicial efficiency argument is particularly egregious. Under the applicable standard of review, we must defer to the trial judge's reasonable judgment in granting the defendant's motion for a new trial. A thorough review of the record reveals nothing which suggests the trial judge's decision was unreasonable or arbitrary. Thus, although a de novo review of the matter may have yielded a different outcome, under the applicable standard of review we cannot find that the trial court abused his vast discretion in granting the defendant's motion for a new trial. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
McKAY, J., dissents with reasons.
McKAY, J., Dissenting with Reasons.
I respectfully dissent from the majority opinion in this matter.
In the instant matter the State argues that Form 44 was not "newly discovered" or that the production of Form 444 would have changed the verdict had it been submitted at trial.
It is important to distinguish between new evidence and evidence that simply had not been collected prior to trial. The form was available prior to trial and in the possession of a defense witness. Obviously, the defense investigator realized the importance of the form when he instructed Ms. Mackie to hold on to it. However, the defense did not request a copy of the form at that time, even though the witness told the investigator that the form would be turned into the office at the end of the school year. In fact, the defense did not attempt to subpoena the attendance records until May 2004, almost two years after they were submitted to the school. Form 44 was not newly discovered evidence as defendant was clearly aware of its existence long before trial and it was discoverable before trial. Following trial, the form was located approximately one month after the first post-trial subpoena was issued. Defense counsel had sufficient time prior to trial to procure the form. The defendant has failed to show that the form was any more available or capable of being located after trial, than it was before trial.
Furthermore, assuming the form was unavailable for purposes of La.C.Cr.P. art. 851, it does not constitute evidence, which if introduced at trial, would probably have changed the verdict. In evaluating whether newly discovered evidence warrants a new trial, the test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that is probably would produce a verdict different from that rendered at trial. State v. Metoyer, 97-2266 (La.App. 4 Cir. 12/7/98), 720 So.2d 148.
In State v. East, 99-1379, (La.App. 5 Cir. 7/25/00), 768 So.2d 173, the court opined that cumulative evidence as to an issue fairly disclosed and decided at the trial is usually not of the nature that would probably produce an acquittal for the purpose of determining whether defendant is entitled to a new trial based upon newly discovered evidence.
At trial, Ms. Mackie testified that she recalled Lewis being in class at the time of the shooting. She further testified that she referred to Form 44 to corroborate *1104 her statement. Thus, the jury was informed that Form 44 indicated Lewis was in class. Form 44 is cumulative evidence. The defendant has failed to show that the evidence was so material that its introduction ought to have produced a different result.
Accordingly, I would reverse the trial court's judgment granting the defendant's motion for new trial.
NOTES
[1] At the time of the incident, Thornton (d.o.b. 10/21/84) and Whatley (d.o.b. 10/25/85) were 17 and 16, respectively.
[2] For the 2001-2002 school year Clark High School was temporarily located at 2600 S. Rocheblave Street in New Orleans, approximately 6 miles from Thornton's residence on Wisteria Street.
[3] Although the initial police report indicates that Thornton and Whatley knew the boy as "Renaldo" subsequent fingerprint identification, as well as photographic identification by Thornton and Whatley, indicate that his name was Ronaldo Smith.
[4] The initial police report of the incident clearly indicates that at the time of the incident the identity of the shooter was unknown to Thornton and Whatley.
[5] At the time of the incident, Smith (d.o.b. 12/18/84) was 17.
[6] The statement given by Whatley to NOPD Detective Carlton Lawless indicates that the police received the call reporting the shooting at approximately 12:37 p.m.
[7] According to the medical records, Thornton was prescribed pain medication and discharged from Charity the following day.
[8] Thornton subsequently was shown three line-ups of six school identification card photographs and identified Ronaldo Smith as "Renaldo", Ryan Lewis as the unknown male, and Vashawn Tate as the fifth person on the porch.
[9] Ronaldo Smith and Vashawn Tate were also charged but their cases were subsequently severed from Lewis's case.