■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUAN HONG YE, Appellant. [937 NYS2d 585]—

The court properly exercised its discretion in denying defendant's CPL 440.10 (1) (g) motion to vacate the judgment on the ground of newly discovered evidence. The evidence would not have created the "probability" of changing the result that is required by the statute (*see People v Taylor*, 246 AD2d 410 [1998], *lv denied* 91 NY2d 978 [1998]).

Years after defendant's trial, the People's main witness was convicted of serious charges. Most of the corrupt conduct that led to this detective's conviction occurred after defendant's trial, and none of it was connected in any way with defendant's case. The newly discovered evidence would have merely impeached the detective as to his general credibility. Furthermore, this detective's testimony was corroborated by other witnesses, particularly as to the substance of defendant's incriminating statements. Accordingly, defendant did not establish that the new evidence would probably have resulted in a different verdict (*see People v Tai*, 273 AD2d 150, 151 [2000]; *compare People v Jackson*, 29 AD3d 328 [2006]). Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.