DANIEL L. DYSART, Judge.
| defendant, Kyle Everett, appeals his convictions by an Orleans Parish Criminal Court of attempted possession of Alprazo-lam (Xanax) and attempted possession with the intent to distribute marijuana, asserting that the trial court erred when it failed to grant his Motion to Suppress and his Motion for New Trial. For the reasons set forth herein, we affirm the defendant’s conviction and sentence.
PROCEDURAL BACKGROUND
On December 20, 2010, the defendant, Kyle Everett, was charged by bill of information with one count of possession with the intent to distribute marijuana, in violation of La. R.S. 40:966(A), and one count of possession of Diazepam, in violation of La. R.S. 40:969(C). The bill of information was amended on April 11, 2011, to substitute Alprazolam for Diazepam. He pled not guilty to both charges and after a motion hearing, the trial court found probable cause and denied the defendant’s motions to suppress evidence and statement. A jury trial was held on April 11, 2011, and the defendant was found guilty of attempted possession with |2intent to distribute marijuana and attempted possession of Al-prazolam. The trial court set the matter for sentencing and ordered a pre-sentence investigation.
Mr. Everett filed a motion for new trial, which was denied by the trial court. The defendant filed a second motion for new trial, which the trial court also denied. The defendant next filed a motion to reconsider the motion for new trial, which, too, was denied by the trial court.
The State then filed a multiple bill of information, which was considered at the sentencing hearing held on August 23, 2011. The trial court initially sentenced defendant to ten years at hard labor for the attempted possession with the intent to distribute marijuana conviction and one year at hard labor on the attempted possession of Alprazolam conviction, both sentences to be served concurrently with the defendant to receive credit for time served. The court next considered the multiple bill of information to which the defendant pled guilty and waived all delays. The trial court vacated the original sentence on the conviction for attempted possession with intent to distribute marijuana and resentenced the defendant to serve ten years at hard labor with credit for time served, said sentence to be served concurrently with the one year sentence for attempted possession of Alprazolam.
The defendant timely filed this appeal.
FACTUAL BACKGROUND
The testimony at trial revealed that New Orleans Police Officers Samuel Birks and Joshua Hunt, members of the Fourth District Task Force, were patrolling | sthe Algiers section of New Orleans on December 15, 2010. They were driving down Americus Street when they observed the defendant, Everett, and an unknown man riding bicycles in the middle street. The officers almost ran into the men when the officers turned onto Americus Street, and Officer Birks stated that the men were “goofing off’ in the middle of the road, riding their bikes backward and forward.
The officers stopped their vehicle, intending to warn the men about the way they were riding the bicycles. When the officers got out of the vehicle and approached the men, the unknown man rode off and Officer Hunt asked the defendant *709 to walk over towards the police car. The defendant approached the officers and said, “Do you want to talk to me? This is all I have.” At that point, the defendant opened his hand and showed the officers two pills. The officers stated that the pills appeared to be Xanax. The defendant was advised of his Miranda rights, which the defendant acknowledged that he understood.
Officer Hunt then conducted a safety pat down. The officer felt a bulge in the front of the defendant’s pants. He asked the defendant about the bulge, and the defendant told the officer that it was marijuana. The defendant shook his leg, and three bags of what appeared to be marijuana fell out of the defendant’s pants leg. One bag contained loose marijuana, and the other bag contained ten individually hand-tied baggies of marijuana. The defendant was taken to the police station, where the green material was field tested positive for marijuana. Officer Birks testified that each little baggie appeared to be a “nickel” bag, indicating a value of |4five dollars for each baggie. Officer Birks further stated that the amount of marijuana that the defendant had in his possession was excessive for personal consumption.
New Orleans Police Department crimi-nalist John Palm, Jr., testified that he tested the green material found the bag, and the green material tested positive for marijuana. Palm also tested the pills found on the defendant, and the pills tested positive for Alprazolam.
DISCUSSION[1]
ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant argues that the trial court erred when it denied the motions to suppress his statement and the evidence. Mr. Everett maintains that the officers had no reasonable suspicion to stop him, and as a result, the statements he made to the officers and the narcotics seized during the stop should have been suppressed. We disagree.
It is well settled that an appellate court is to review the district court’s findings of fact on a motion to suppress under a clearly erroneous standard, while the review of the district court’s ultimate determination of Fourth Amendment reasonableness is de novo. State v. Dorsey, 00-2331, p. 1 (La.App. 4 Cir. 1/24/01), 779 So.2d 1008, 1009, citing U.S. v. Seals, 987 F.2d 1102 (5th Cir.1993), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). As the Dorsey court indicated, “[o]n mixed questions of law and fact, the appellate court reviews the |sunderlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo.” Id. (citation omitted). Furthermore, a trial court’s decision as to the suppression of evidence is afforded great weight and will not be set aside unless there is an abuse of that discretion. State v. Wells, 08-2262, p. 5 (La.7/6/10), 45 So.3d 577, 581. As noted by the Louisiana Supreme Court in State v. Thompson, 11-0915, pp. 13-14 (La.5/8/12), 93 So.3d 553, 563, “[w]hen a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings.” (emphasis added; citations omitted).
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution of 1974 *710 prohibit unreasonable searches and seizures. A search without a warrant is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamante, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Warren, 05-2248, p. 13 (La.2/22/07), 949 So.2d 1215, 1226; State v. Kirk, 00-0190, p. 2 (La.App. 4 Cir. 11/13/02), 833 So.2d 418, 420. The State bears the burden of proving that one of these exceptions applies. See State v. Jones, 12-0438, p. 7 (La.App. 4 Cir. 3/13/13), 119 So.3d 9, 16, writ denied, 13-1199 (La.1/17/14), 130 So.3d 340.
Our law clearly allows a police officer to conduct a brief investigatory stop when the officer has a reasonable articulable suspicion of criminal activity. La.C.Cr.P. art. 215.1;[2] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Under the Terry standard, as codified in Article 215.1, police officers may stop a person in a public place who they reasonably suspect is committing, has committed, or is about to commit an offense and demand that the person identify himself and explain his actions. State v. Chaplain, 12-1012, p. 4 (La.App. 4 Cir. 5/29/13), 114 So.3d 1274, 1277.
In making a brief investigatory stop on less than probable cause to arrest, the police “ ‘must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.’ ” State v. Temple, 02-1895, pp. 4-5 (La.9/9/03), 854 So.2d 856, 859-860. (internal citations omitted). The police must therefore “articulate something more than an ‘inchoate and unparticularized suspicion or ‘hunch.’ ” Id., 02-1895, p. 4, 854 So.2d at 860, quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (quoting Terry, 392 U.S. at 27, 88 S.Ct. at 1883). This level of suspicion, however, need not rise to the probable cause required for a lawful arrest. The police need have only “ ‘some minimal level of objective justification....’” Id. (internal citations omitted).
“Reasonable suspicion” for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the |7facts and circumstances of each case to determine whether the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect’s rights. State v. Guillot, 12-0726, p. 4 (La.App. 4 Cir. 4/17/13), 115 So.3d 624, 628. A reviewing court must take into consideration the totality of the circumstances and give deference to the inferences and deductions of a trained police officer that might elude an untrained person. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048; State v. Hamilton, 00-1176, p. 6 (La.App. 4 Cir. 9/13/00), 770 So.2d 413, 418. (citations omitted).
In the present case, both officers testified that they stopped their vehicle and approached the defendant and the other unknown man as they were riding bicycles and “goofing off” in the middle of the street. The officers stated that they only sought to talk to the defendant about bicycle safety because the defendant and the other man almost created an accident when the officers turned onto the street. *711 We find that the officers were well within their right to make such a stop.
La. R.S. 32:194 provides that bicycle riders are subject to the same duties as drivers of motor vehicles, which includes the duty to keep a proper lookout for hazards at all times. Engles v. City of New Orleans, 03-0692, p. 12 (La.App. 4 Cir. 2/25/04), 872 So.2d 1166, 1175; See also, Delphen v. the Department of Transp. and Development, 94-1261, p. 11, (La.App. 4 Cir. 5/24/95), 657 So.2d 328, 335. Likewise, La. R.S. 32:197(A) requires that “[ejvery person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, lsexercising due care when passing a standing vehicle or one proceeding in the same direction, except under” certain circumstances (none of which are present here).
In State v. Washington, 00-1936 (La.12/15/00), 775 So.2d 1066, for example, the police officers testified at a suppression hearing that one of the reasons the defendant was stopped was because the defendant was riding a bicycle with a passenger on the handlebars. The Supreme Court found that the officers had reasonable cause to stop the defendant based upon the violation of traffic laws, one of which was a violation of La. R.S. 32:195(B), which states that “No bicycle shall be used to carry more persons at one time than the number for which it is designed and equipped.” In so finding, the Court noted that “[t]his combination of circumstances (the defendant’s flight upon seeing the officers and the passenger on the handle bars) provided the officers with reasonable grounds to stop the defendant.” Id., citing State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (police need only “some minimal level of objective justification”). The Court then held that the officer’s “recovery of a rock of cocaine in the plastic bag which the defendant subsequently spat from his mouth where he had been concealing it from the officers then provided probable cause for his arrest.” Id.
Here, based on the officers’ testimony that their stop of the defendant was prompted by safety concerns and the defendant’s violation of La. R.S. 32:194 and La. R.S. 32:197, we find that the officers had a reasonable basis to stop the defendant. The defendant’s subsequent unsolicited statement and production of the Xa-nax pills then provided the officers with probable cause to pat down and search 19the defendant, which resulted in the recovery of the three bags of marijuana in the defendant’s pants leg. As we find that the stop was not illegal, the trial court properly denied defendant’s motion to suppress the statement. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, the defendant, Everett, contends that the trial court erred when it denied his motions for new trial. The defendant alleged in his motions that he was entitled to a new trial based upon La.C.Cr.P. article 851(3) and (5), on the basis of the subsequent convictions of Officers Hunt and Birks, who pled guilty to malfeasance in office.[3] Their convictions were based on Officer Birks’ January, 2011 arrest of Alvin Bean (an incident unrelated to the instant matter). According to the defendant’s motion for new trial, the officers reported that Hunt was with Birks when Bean was arrested. Bean’s attorney discovered that Hunt was actually at a dental appointment at the time of the arrest and therefore could not have participated in Bean’s arrest. Bean’s case was nolle pro- *712 sequied on June 14, 2011 and the officers were charged accordingly by bills of information dated June 24, 2011. Their guilty pleas were entered in late September, 2011.
At the hearing on the motion for new trial, the trial court recognized that at the time of the defendant’s trial, April 11, 2011, the officers had not been charged |10or convicted of the offenses. Thus, evidence of the officers’ convictions could not have been admissible at the trial because the evidence did not exist at that time.
Motions for new trial are governed by La.C.Cr.P. art. 851. That article provides, in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
[[Image here]]
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
[[Image here]]
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
When a motion for new trial is based on “new and material evidence,” under this article, La.C.Cr. P. 854 requires that the motion contain allegations of fact, sworn to by the defendant or his counsel, showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
|n(3) The facts which the witnesses or evidence will establish; and (4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
Our jurisprudence reflects that, in order to obtain a new trial based on newly discovered evidence, the defendant has the burden of showing (1) the new evidence was discovered after trial, (2) the failure to discover the evidence at the time of trial was not caused by lack of diligence, (3) the evidence is material to the issues at trial, and (4) the evidence is of such a nature that it would probably have produced a different verdict. State v. Weber, 02-0618, p. 18 (La.App. 4 Cir. 12/4/02), 834 So.2d 540, 553, citing State v. Hammons, 597 So.2d 990 (La.1992); State v. Knapper, 555 So.2d 1335 (La.1990). The trial judge has “much discretion” in ruling on a motion for a new trial; an appellate court may only set aside the judgment upon a finding that the trial judge exercised his discretion in an arbitrary manner. State v. Lewis, 05-0973, pp. 3-4 (La.App. 4 Cir. 5/24/06), 943 So.2d 1100, 1102.
In State v. Cavalier, 96-3052, pp. 3-4 (La.10/31/97), 701 So.2d 949, 951-952, the Supreme Court recognized that:
Newly discovered evidence affecting only a witness’s credibility “ordinarily will not support a motion for a new trial, because new evidence which is ‘merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial.” Mesarosh v. *713 United States, 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1, 5 (1956). Nevertheless, the court possesses the discretion to grant a new trial when the witness’s testimony is essentially uncorroborated and dispositive of the question of guilt or innocence and it “appears that had the impeaching evidence been introduced, it is likely that the jury would have reached a different result.” United States v. Davila, 428 F.2d 465, 466 (9th Cir.1970); accord United States v. Davis, 960 F.2d 820, 825 (9th Cir.), cert. denied, 506 U.S. 873, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992); United States v. Taglia, 922 F.2d 413, 415-16 (7th Cir.1991); United States v. Harpster, 759 F.Supp. 735, 738 (D.Kan.), aff'd 951 F.2d 1261 (10th Cir.1991); United States v. Lipowski, 423 F.Supp. 864, 867 (D.N.J. 1976); see also State v. Bryan, 398 So.2d 1019, 1021-22 (La.1980) (on rehearing). In making this determination, the court may assume that the jury “would have known that [the witness] had lied about the matter[.]” United States v. Stofsky, 527 F.2d 237, 246 (2nd Cir.1975), cert. denied, 429 U.S. 819, 97 S.Ct. 65, 50 L.Ed.2d 80 (1976).
This Court in State v. Perron, 94-0761 (La.App. 4 Cir. 12/27/96), 686 So.2d 994, found that the defendant was not entitled to a new trial under La.C.Cr.P. article 851(3) based upon the arresting officer’s subsequent arrest for murder, internal affairs investigation and reputation for brutality. This Court concluded that the trial court did not abuse its discretion in denying the motion for new trial because the officer’s subsequent involvement in a murder was not newly discovered evidence under La.C.Cr.P. article 851(3), finding that the evidence was not evidence as “contemplated by Code of Criminal Procedure article 851(3) but rather [was] evidence which did not yet exist because [the officer] had not yet committed the crime.” Id., 94-0761, 686 So.2d at 996-997.
More importantly, the Perron Court noted:
Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility. La. C.E. art. 609.1(B). At the time of trial, Davis had not been convicted. The credibility of a witness may be attacked or supported by evidence in the form of general reputation only, but the evidence may refer only to character for truthfulness or untruthfulness. La.C.E. art. 608. [The officer’s] reputation for brutality, as reflected in subsequent newspaper articles, and his extensive internal affairs file, although newly discovered, has not been shown to relate to his character for truthfulness or untruthfulness. Under the circumstances, the denial of the motion for a new trial has not been |1sshown to be an arbitrary and palpable abuse of the trial court’s discretion.
Id., 94-0761, 686 So.2d at 997.
In the instant matter, the officers’ arrests, the internal investigations of their conduct and their convictions occurred after the defendant’s trial. Thus, evidence of the convictions did not exist at the time of trial and could not have been introduced at trial. The defendant did not provide the trial court with the names of any witnesses who could have testified as to the officers’ general reputation for truthfulness or untruthfulness. We find no abuse in the trial court’s discretion in denying the motion for new trial based upon newly discovered evidence.
Likewise, we find .no abuse of discretion in the trial court’s rejection of the defendant’s motion for new trial based on La.C.Cr.P. article 815(5). The defendant suggests that the ends of justice would be served by the granting of a new trial in *714 light of the officers’ subsequent convictions.
This Court recently noted that:
[W]ith [respect to] the article pertaining to review of the motion for new trial, La.Code Crim. Proc. art. 858, which provides: “Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or refusal to grant a new trial, except for error of law.” ... [I]f the grant or denial of a new trial pursuant to La. Code Crim. Proc. art. 851(5) is a question of law, then the appellate or supervisory jurisdiction of the appellate courts and Supreme Court is properly invoked.
State v. Marzett, 13-0274, p. 10 (La.App. 4 Cir. 8/28/13), 123 So.3d 831, quoting State v. Guillory, 10-1231, pp. 2-3 (La.10/8/10), 45 So.3d 612, 614. The Guillory Court further stated that, in deciding whether the trial court abused its great discretion in granting or denying a new trial solely on La.C.Cr.P. art. 851(5), two precepts must be considered: (1) the trial court is vested with almost unlimited \u discretion, and its decision should not be interfered with unless there has been a palpable abuse of that discretion; and (2) “[t]he motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.” Guillory, pp. 4-5, 45 So.3d at 615.
The defendant argues that the ends of justice demand that he be granted a new trial. He contends that the officers’ convictions reflect not just on their credibility, but also suggest a pattern of behavior. The defendant notes that Alvin Bean is his cousin and was arrested one month after his arrest and within a mile radius of that arrest. He maintains his innocence and claims that the officers lied to effectuate his arrest and conviction just as the officers lied in the Alvin Bean case. The defendant’s argument, while plausible, is simply argument without any factual support or evidence. We do not find that the trial court abused its great discretion when it denied the motion for new trial based on serving “the ends of justice” pursuant to La.C.Cr.P. art. 851(5).
This assignment of error is without merit.
CONCLUSION
Based on the foregoing, we affirm the conviction and sentence of the defendant, Kyle Everett.
AFFIRMED.

. As is our practice, we have conducted an errors patent review of the record and determined that there are no errors patent.

. La.C.Cr.P. article 215.1 provides, in pertinent part, as follows:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.

. Officer Hunt was also convicted of perjury.