MANSFIELD, Justice (dissenting).
I respectfully dissent. K.P. allegedly made a false claim she was sexually assaulted after the trial . The majority assumes this posttrial event could constitute newly discovered material evidence under Iowa Rule of Criminal Procedure 2.24(2)(b )(8) and Iowa Code section 822.2(1)(d ) (2016).[4] Thus, the majority moves on to whether the defendant was entitled to discovery. However, because the event occurred after the defendant's trial and would at most have been used to impeach K.P.'s testimony at trial, it is not newly discovered material evidence. Therefore, in my view, the entire discovery dispute may be sidestepped. As the State puts it, "[t]his unrelated, subsequent report of sexual abuse is not newly discovered evidence in Powers's case."
Our courts have made this point in the past. "Since TeKippe's conviction occurred after Aguilera's trial, it cannot be considered newly discovered evidence." Aguilera v. State , 807 N.W.2d 249, 251 n.3 (Iowa 2011). " '[N]ewly discovered evidence' sufficient to support a new trial must be evidence that existed at the time of trial." Grissom v. State , 572 N.W.2d 183, 184 (Iowa Ct. App. 1997). Witness recantations and reanalysis of physical evidence can be distinguished. See, e.g. , More v. State , 880 N.W.2d 487, 508, 510 (Iowa 2016) ; Harrington v. State , 659 N.W.2d 509, 521 (Iowa 2003). In those instances, the events occurred before trial, even though new evidence may have surfaced after the trial about those events.
Other courts agree with us. Criminal trials have an endpoint, and events that occur after trial-as opposed to new evidence about pretrial events-aren't a basis for reopening the proceedings.
For example, a New Jersey appellate court recently rejected a defendant's claim of newly discovered material evidence on this ground. State v. Brunson , No. 88-06-1035, 2015 WL 10913392, at *8 (N.J. Super. Ct. App. Div. May 26, 2016) (per curiam). The defendant had been convicted of murder in 1990. Id. at *1. He later claimed he was entitled to a new trial based on newly discovered evidence of misconduct in 1991 and the late 2000s by the judge presiding over his trial and a 1991 conviction of the defendant's arresting officer for raping a woman while on duty. Id. at *2. The court ruled otherwise because *785 the "misconduct occurred after the defendant's conviction" and was ultimately "irrelevant to his conviction." Id. at *8.
Likewise, in State v. Everett , the Louisiana Court of Appeal affirmed the denial of the defendant's motion for a new trial on the basis of newly discovered evidence. 156 So. 3d 705, 711, 713 (La. Ct. App. 2014). The defendant had claimed that the subsequent convictions of his arresting officers for malfeasance in office warranted a new trial. Id. at 711. However, the court determined that "the officers' arrests, the internal investigations of their conduct and their convictions occurred after the defendant's trial. Thus, evidence of the convictions did not exist and the time of trial and could not have been introduced at trial." Id. at 713. Therefore, the court affirmed the defendant's conviction. Id. at 714.
In State v. Bonillas , a defendant who had been convicted of murder sought a new trial on the ground that a deputy sheriff who testified against him at trial was later found to have provided false information in a different matter. No. 2 CA-CR 2011-0299-PR, 2012 WL 252141, at *1 (Ariz. Ct. App. Jan. 27, 2012). The Arizona Court of Appeals rejected the claim: "[B]ecause the complaint against [the deputy sheriff] was initiated in October 2009, well after the trial in this matter took place in May 2009, the evidence in the report could not have been newly discovered." Id. ; see also State v. Bilke , 162 Ariz. 51, 781 P.2d 28, 29 (1989) (en banc) ("[To present a] colorable claim in a newly-discovered evidence case ... the evidence must appear on its face to have existed at the time of trial but be discovered after trial.").
In the same manner, a New York appellate court affirmed the denial of defendant's motion to vacate his conviction based on newly discovered evidence. See People v. Quan Hong Ye , 92 A.D.3d 407, 407, 937 N.Y.S.2d 585 (2012). A detective who had been a principal witness against the defendant was later convicted of "serious charges" as a result of "corrupt conduct." Id. at 407, 937 N.Y.S.2d 585. The New York court found that this could not be a basis for a new trial because the conduct "occurred after defendant's trial, and none of it was connected in any way with defendant's case." Id. Furthermore, "[t]he newly discovered evidence would have merely impeached the detective as to his general credibility," so the defendant could not show that the evidence would have caused a different verdict. Id.
Further, in Commonwealth v. Burke , the Massachusetts Appeals Court affirmed the denial of the defendant's motion for a new trial based on newly discovered evidence of posttrial events. No. 05-P-1694, 67 Mass. App. Ct. 1117, 2006 WL 3422202, at *1 (Mass. App. Ct. Nov. 28, 2006). The defendant's conviction stemmed from assaults on and threats to his former girlfriend. Commonwealth v. Burke , No. 05-P-275, 65 Mass. App .Ct. 1107, 2005 WL 3357959, at *1 (Mass. App. Ct. Dec. 9, 2005) (detailing the circumstances of the defendant's conviction on direct appeal). Subsequently, the defendant claimed that an allegedly false claim made by the victim against the defendant and his father for violating a restraining order constituted newly discovered evidence. Burke , 2006 WL 3422202, at *3. However, the court rejected this assertion, stating, "Because the report related to an incident that occurred four months after the trial had concluded, the evidence could not have materially aided the defense against the pending charges." Id.
Two more examples. In State v. Martinez , the Idaho Supreme Court affirmed the district court's denial of the defendant's motion for a new trial after he had been convicted of murder.
*786 125 Idaho 445, 872 P.2d 708, 716 (1994). The defendant had uncovered evidence that "raise[d] questions regarding [a key prosecution witness's] alleged drug and alcohol abuse, or lack thereof, and her motives for testifying against defendant, along with minor inconsistencies regarding the alleged murder plot." Id. The court found the evidence "involved minor testimonial inconsistencies and involved occurrences that took place after the trial and which would not have enabled the defense to change its approach toward a witness other than reputable." Id. Therefore, a new trial was not warranted. Id. Lastly, in Harris v. United States , the court rejected the defendant's motion for new trial and stated, "It is important to note that because the allegations on the part of Special Agent McKenna did not exist at the time of his testimony at Harris' trial, it would have been impossible for the Government to disclose such allegations of misconduct to Harris at that time." 999 F. Supp. 578, 581 & n.3 (S.D.N.Y. 1998).
For these reasons, I would affirm the district court's order denying discovery.
Waterman, J., joins this dissent.

According to rule 2.24(2)(b )(8), the trial court "may grant a new trial ... [w]hen the defendant has discovered important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at the trial."Iowa R. Crim. P. 2.24(2)(b )(8).
According to Iowa Code section 822.2,
Any person who has been convicted of, or sentenced for, a public offense and who claims any of the following may institute, without paying a filing fee, a proceeding under this chapter to secure relief:
....
d . There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.
Iowa Code § 822.2(1)(d ).