People v Harris (2019 NY Slip Op 00524)





People v Harris


2019 NY Slip Op 00524


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


4781/13 -5479 7765 &

[*1] The People of the State of New York, Respondent,
v
Gary Harris, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at speedy trial motion and first colloquy on self-representation; Michael Obus, J. at second colloquy; Laura A. Ward, J. at third colloquy, jury trial and sentencing), rendered July 21, 2016, as amended November 15, 2016, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed with respect to defendant's speedy trial claim, and the appeal therefrom otherwise dismissed as moot.
The court properly denied defendant's speedy trial motion. In a postreadiness situation, delays not attributable to the People are excludable (People v Anderson, 66 NY2d 529, 536 [1985]). Because defendant elected to proceed pro se, but with standby counsel, the postreadiness delays caused by the unavailability of counsel cannot be attributable to the People, and were thus correctly excluded. We find it unnecessary to decide whether, in a prereadiness situation, a pro se defendant's standby counsel's consent to adjournments qualifies under CPL 30.30(4)(b) in the absence of express personal consent by the defendant. Once the delays relating to counsel are excluded, the remaining periods cited by defendant would not reach the threshold required for dismissal when added to time included by the court. In any event, we also find that these periods are not attributable to the People. Finally, we note that the motion court made express rulings on the relevant issues, and that defendant's procedural arguments are unavailing.
We are advised that, by order dated October 2, 2018, Supreme Court granted defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10. Thus, with respect to the non-speedy trial claims, defendant's direct appeal from the judgment of conviction must be dismissed as moot (see People v Jackson, 29 AD3d 328 [1st Dept 2006]).
M-5479 - People v Gary Harris
Motion to dismiss appeal denied as academic in light of the result reached herein.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK